# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-cv-594-FDW-DSC

| | |
|---|---|
| CHARLOTTE PRIME, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| AT&T CORP., and THE COMTRAN GROUP, INC., | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

**THIS MATTER** is before the Court on Defendant The Comtran Group, Inc.'s "Motion to Transfer Venue" (document #7) and "Brief in Support ..." (document #8), both filed September 19, 2012. No brief in opposition has been filed and the time for filing a responsive brief has expired.

Comtran seeks transfer of this matter to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a).[1] The Supreme Court has held that this provision is:

> intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under §1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotations and citations omitted). See also Brock v. Entre Computer Centers, Inc., 933 F.2d 1253, 1258 (4th Cir. 1991) (enumerating factors to consider); AC Controls Co v. Pomeroy Computer Resources, Inc., 284 F.Supp. 2d 357, 362-63 (W.D.N.C. 2003) (considering factors and transferring venue); Rice v. BellSouth Advertising

---

[1] 28 U.S.C. §1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

& Pub. Corp., 240 F.Supp.2d 526, 529 (W.D.N.C.2002) ("[a] court should analyze each of these factors both quantitatively and qualitatively"); D.P. Riggins & Associates, Inc. v. American Board Companies, Inc., 796 F.Supp. 205, 211-12 (W.D.N.C. 1992).

This matter arises entirely out of activities that occurred in Savannah, Georgia. The only connection to North Carolina is the fact that Plaintiff has its principal place of business here. The transfer factors set forth in Brock, 933 F.2d at 1258, weigh heavily in favor of transferring this case to the Southern District of Georgia.

For these reasons, **IT IS HEREBY ORDERED** that:

1. Defendant The Comtran Group, Inc.'s "Motion to Transfer Venue" (document #7) is **GRANTED** and this matter shall be **TRANSFERRED** to the United States District Court for the Southern District of Georgia.

2. The Clerk is directed to send the instant file, including this Order, to the Clerk of Court for the Southern District of Georgia.

3. The Clerk is further directed to send copies of this Order to counsel of record; and to the Honorable Frank D. Whitney.

**SO ORDERED.**   Signed : October 16, 2012

David S. Cayer
United States Magistrate Judge